IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | | |
|---|---|---|
| UTAHNS FOR BETTER TRANSPORTATION et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 1:01-C-0007 J<br>Civil No. 1:01-C-0014 J |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF TRANSPORTATION (USDOT) et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) | |
| SIERRA CLUB, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF TRANSPORTATION (USDOT) et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

```
┌─────────────────────────────────┐
│            FILED                │
│  CLERK, U.S. DISTRICT COURT     │
│  February 3, 2006 (2:38pm)      │
└─────────────────────────────────┘
```

* * * * * * * * *

On January 25, 2006, counsel for the State of Utah filed an "Unopposed Request for Dismissal of Case and Dissolution of Injunction," accompanied by a proposed form of order. Counsel requested that "the Court act expeditiously on this request," and the court set the matter for hearing on Thursday, February 2, 2006.   The court advised that "counsel should be prepared to discuss the following questions, as well as other issues raised by the Request:

      1.     What case or controversy currently exists in the above-captioned proceeding which may be the proper subject of a dismissal

pursuant to Fed. R. Civ. P. 41(a)?

2.      By what authority may a district court modify or vacate the Judgment of the court of appeals, received by the district court as a mandate?  *See, e.g.*, *MacArthur v. San Juan County*, 391 F. Supp. 2d 895, 920 n.35 (D. Utah 2005); * * * *

(Order, filed January 26, 2006 (dkt. no. 183).)[1]  On January 31, plaintiff Mayor Ross C. "Rocky" Anderson filed a "Statement of Non-Opposition to Request for Dissolution of Injunction and Dismissal (dkt. no. 184), indicating that he did not join in the request, but that "he does not oppose the request to dismiss the current cases and dissolve the injunction."

The matter came before the court for hearing on February 2, 2006.  Margaret N. Strand and Randy S. Hunter appeared on behalf of the State of Utah; Daniel Pinkston appeared on behalf of the federal defendants; Joro Walker and Joanne Spalding appeared on behalf of the Sierra Club; Robert W. Adler appeared on behalf of Utahns for Better Transportation; and Steven W. Dougherty appeared on behalf of Mayor Anderson.

Court and counsel explored the basis for the Request in some detail.

The pertinent facts are not in dispute.

This court entered no injunction in this proceeding, pending appeal or otherwise.

On application made by plaintiffs to the court of appeals, the court of appeals entered an

---

[1]The Order raised a third issue for response by counsel:

3.      Does the Request comply with the requirement of Fed. R. Civ. P. 11 that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name," on behalf of each party making the Request?  (*See also* Notice of Hearing, filed July 12, 2002 (dkt. no. 151).)

On January 31, 2006, counsel filed a copy of the "Unopposed Request for Dismissal of Case and Dissolution of Injunction," (dkt. no. 187) bearing the original signatures of counsel for each of the respective moving parties, and thus satisfying the signature requirement of the Rule.

2

Order on November 16, 2001 granting "appellants' motion to enjoin any further action that will disturb the ground or vegetation in the proposed right of way, pending resolution of the underlying appeals." *Utahns for Better Transportation, et al. v. United States Dept. Of Transportation, et al.*, Case Nos. 01-4216, 01-4217, 01-4220, slip op. at 15 (10th Cir. November 16, 2001).[2]

The November 16, 2001 Order conditioned the issuance of an injunction pending appeal "on appellants' posting of a $50,000 bond.  The bond shall be filed with the district court and a notice filed with this court evidencing compliance with the bond requirement." *Id.* at 15-16.

The required bond was posted with this court.  (*See* Order Allowing Substitution of Bond, filed December 6, 2001 (dkt. no. 131).)

On further application made by the parties to the court of appeals, that court entered an Order on February 27, 2002, "clarifying" its injunction in order to permit certain activities to continue, based upon the stipulation of the parties as to those activities.  *Utahns for Better Transportation, et al. v. United States Dept. Of Transportation, et al.*, Case Nos. 01-4216, 01-4217, 01-4220, slip op. at 2 (10th Cir. February 27, 2002).[3]

On September 16, 2002, the court of appeals issued an opinion affirming in part, reversing in part and remanding the matter to this court for further proceedings in accordance with that opinion, *see Utahns for Better Transp. v. United States Dept. of Transp.*, 305 F.3d 1152 (10th Cir. 2002), together with a Judgment reflecting the disposition of the appeal:

This case originated in the District of Utah and was argued by counsel.

---

[2]A copy of that Order was received and docketed by the Clerk of this court on December 3, 2001 (dkt. no. 129).

[3]A copy of that Order was received and docketed by the Clerk of this court on March 4, 2002 (dkt. no. 140).

3

The judgment of that court is affirmed in part and reversed in part.  The case is remanded to the United States District Court for the District of Utah for further proceedings in accordance with the opinion of this court.  On remand, the injunction shall remain but the bond shall be exonerated.

The federal defendants sought a limited rehearing of the matter by the panel that had issued the opinion and the judgment.  On February 4, 2003, the court of appeals entered an order modifying the September 16, 2002 Opinion in two respects, and otherwise denying the petition for rehearing.  On February 12, 2003, the court of appeals issued its mandate.

On February 14, 2003, the Clerk of this court received and filed the court of appeals' mandate, including its opinion, judgment and order on rehearing (dkt. no. 170).

Pursuant to that mandate, this court entered an Order on February 26, 2003 (dkt. no. 172), remanding the Final Environmental Impact Statement and the Records of Decision at issue in this case to the Federal Highway Administration and the U.S. Army Corps of Engineers "for the purpose of dealing with the limited deficiencies identified by the Court of Appeals in its Opinion," and quoting the pertinent passage of the court of appeals' opinion.

The remaining claims in this action having previously been dismissed upon the stipulation of counsel,[4] the court deemed this litigation to be concluded by the entry of the February 26, 2003 Order and closed the case.

**The Court of Appeals' Continuing Injunction**

The court of appeals' November 16, 2001 Order issued an injunction pending appeal in this case.  *See* Fed. R. App. P. 8(a); 10th Cir. R. 8.1.  "Once the court of appeal decides an

---

[4](*See* Order of Partial Dismissal (DUCivR 54-1(d)), filed September 16, 2002 (dkt. no. 167); Order, filed September 16, 2002 (dkt. no. 168); Stipulation of Dismissal of Intervenor-Defendant ASET, filed September 9, 2002 (dkt. no. 166); Amended Stipulation of Dismissal (FRCP 41(a)(1)), filed July 25, 2002 (dkt. no. 156); Minute Entry, dated September 16, 2002 (dkt. no. 169).)

4

appeal, any stay or injunction pending appeal dissolves automatically unless otherwise ordered."

David G. Knibb, *Federal Court of Appeals Manual* § 21.7, at 404 (4th ed. 2000) (footnote

omitted); *see Atlas Copco, Inc. v. EPA*, 206 U.S. App. D.C. 53, 642 F.2d 458, 470 (D.C. Cir.

1979) ("Ordinarily, of course, a stay issued pursuant to Federal Appellate Rule 8(a) dissolves

automatically upon resolution of the appeal." (footnotes omitted) (citing *FTC v. Food Town

Stores, Inc.*, 547 F.2d 247, 249 (4th Cir. 1977))).  But in this case, the court of appeals'

September 16, 2002 Judgment ordered that "[o]n remand, the injunction shall remain, but the

bond shall be exonerated," thus keeping its own injunction in effect after the disposition of the

appeal and the remand of the matter to this court in February of 2003.  The court of appeals'

mandate did not direct this court to enter an injunction on remand.  Nor did it assign this court

any role in the enforcement of that injunction after remand.  Its exoneration of the bond

previously required under Fed. R. App. P. 8(a)(2)(E) excused this court from its sole

responsibility to enforce the surety's liability pursuant to Fed. R. App. P. 8(b).

The court of appeals' express determination that "[o]n remand, *our* injunction shall

remain,"[5] is not delimited by time or subsequent event, or by language authorizing this court to

determine its duration or effect.  As such, it appears that the court of appeals' injunction remains

in effect pending further order of the issuing court, *viz.*, the court of appeals.

Counsel suggest that it would be consistent with the court of appeals' mandate for this

court to enter an order dissolving the court of appeals' injunction, given the fact that the federal

agencies have now issued a supplemental environmental impact statement and new records of

decision as a consequence of this court's February 26, 2003 Order, and in accordance with the

---

[5]*Utahns for Better Transp.*, 305 F.3d at 1192 (emphasis added).

court of appeals' September 16, 2002 Opinion and Judgment.  This suggestion would seem more persuasive if this court had entered the injunction, either in the first instance or pursuant to the court of appeals' mandate.  *See, e.g., Ridley v. Phillips Petroleum Co.*,  427 F.2d 19, 23 (10th Cir. 1970) (federal district court has "inherent equitable power to modify a continuing decree of injunction" issued by the district court and affirmed by the court of appeals) (citing *United States v. Swift & Co.*, 286 U.S. 106 (1932))) .

But no injunction has been issued by this court in this case.

Normally, a stay or injunction pending appeal issued by a court of appeals under Fed. R. App. P. 8(a) is the proper subject of a motion to dissolve the stay or injunction directed to the issuing court, or to the next highest appellate authority.  *See Federal Court of Appeals Manual* § 21.7, at 402-403.  It follows that the same would be true of an injunction issued by a court of appeals that continues in effect by order of that court following the disposition of an appeal. Counsel have cited to no governing legal authority suggesting that a district court may modify or vacate a judgment of the court of appeals by stipulation of the parties,[6] or may dissolve a stay or an injunction issued by the court of appeals under Fed. R. App. P. 8(a) or otherwise, and this court has found none.  *Cf.* 19 Fed. Proc. L. Ed. *Injunctions and Restraining Orders* §§ 47:142-47:149 (2000).

**The Request for Entry of an Order of Dismissal**

There exists no case or controversy before this court in this proceeding which may now be voluntarily dismissed as the moving parties have requested.  *See* Fed. R. Civ. P. 41(a); *cf.*

---

[6]*See* 18B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478.3 (2d ed. 2002); *cf. Standard Oil Co. of California v. United States*, 429 U.S. 17, 18-19 (1976).

*CIBER, Inc. v. CIBER Consulting, Inc.,* 326 F. Supp. 2d 886, 893 (N.D. Ill. 2004) ("the court did not reach the Rule 41(a)(2) issue until after concluding that an actual controversy existed that would confer jurisdiction on the district court" (discussing *Lackner Co., Inc. v. Quehl Co.*, 145 F.2d 932 (6th Cir.1944))); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001) (orders of Rule 12(b)(6), Rule 41(a) voluntary dismissal with prejudice vacated for lack of subject-matter jurisdiction upon removal from state court; case remanded to state court).

 Nor may this court vacate its final February 26, 2003 Order—entered pursuant to the mandate of the court of appeals and remanding the specified matters to the federal agencies for further proceedings—in favor of entry of an order of voluntary dismissal under Fed. R. Civ. P. 41(a).  And no one has asked that this court do so.

 **Summary**

 At this point, this court has not been vested with any authority to modify or vacate the September 16, 2002 Judgment of the court of appeals or to dissolve the injunction that the court of appeals has issued, based upon the unopposed request of parties to this proceeding.  This court is not in a position to second-guess the court of appeals' views concerning any continuing necessity for injunctive relief against "further action that will disturb the ground or vegetation in the proposed right of way"—injunctive relief that it extended "on remand" in its September 16, 2002 Judgment, without limitation as to time or subsequent event.

 Nor is this court in a position to order the dismissal of cases that have already been concluded by entry of a final judgment or order three years ago.  Therefore,

**IT IS ORDERED** that the "Unopposed Request for Dismissal of Case and Dissolution of Injunction," (dkt. no. 187), must be and hereby is DENIED.

DATED this _3_ day of February, 2006.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge

8